IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | APPEAL NO. 23-2973 |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | APPELLEE'S STATEMENT |
| | ) | UNDER FED. R. APP. P. 9 |
| MARISSA RALEEN MORGAN, | ) | REGARDING |
| | ) | DETENTION |
| Defendant-Appellant. | ) | |

Plaintiff-Appellee, the United States of America, respectfully submits its Statement under Fed. R. App. P. 9 in response to Defendant-Appellant Marissa Raleen Morgan's interlocutory appeal seeking reversal of the district court's detention order.

### STATEMENT OF THE CASE

On February 15, 2023, Morgan was charged in a 14-count indictment with False Statement During Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6), 924(a)(2), False Statement During Purchase of a Firearm, 18 U.S.C. § 924(a)(1)(A), Straw Purchasing of a Firearm, 18 U.S.C. § 932(b)(1), 932(c)(1), and Unlawful User in Possession of a Firearm, 18 U.S.C. §§ 922(g)(3), 924(a)(2). The indictment also included

notices of forfeiture regarding the relevant firearm and ammunition (R. Doc. 2.)[1]

On February 17, 2023, Morgan had her initial appearance and was arraigned on the 14-count Indictment. (R. Doc. 8-9.) The parties were able to agree on terms of release, so on February 21, 2023, the United States Magistrate Judge entered an Order releasing Morgan on conditions. (R. Doc. 18, 20.) Those conditions explicitly prohibited Morgan from having contact with Dominic Lacava. (R. Doc. 18 at ¶ 5(g).) Additionally, Morgan also was prohibited from possessing a firearm or ammunition, using any alcohol, possessing any controlled substance, and was required to report law enforcement contact to the pretrial office. (R. Doc. 18 at ¶ 5(j), 5(k), 5(l), 5(q).) Morgan signed those conditions, acknowledging she understood the terms, and agreed to be bound by them. (R. Doc. 20.)

---

[1] In this pleading, "R. Doc." refers to the district court docket, followed by docket entry number; "Tr." refers to the transcript of the bond revocation hearing before Chief Magistrate Judge Helen C. Adams on July 31, 2023, followed by page number; and "Statement" refers to defendant-appellant's Statement of the Case filed with this Court.

On April 24, 2023, an Information Only report was filed with the Court, noting Morgan violated the terms of her pretrial release. (R. Doc. 24.) The underlying behavior included Morgan testing positive for THC on April 20, 2023. *Id.* Morgan was admonished and counseled by the probation office, and no further action was taken by the Court. *Id.*

On April 26, 2023, Morgan pled guilty to five counts of a 14-count Indictment. (R. Doc. 27, 29.) Those counts involved her straw purchasing firearms and lying on firearms purchasing forms. *See generally* R. Doc. 29, 36. At the time of Mogan's plea hearing, pursuant to the terms of the plea agreement, the government agreed to recommend that Morgan remain on conditions of pretrial release, provided Morgan did not appear to be a risk of harm to herself or others, and provided Morgan did not violation any conditions of release. (R. Doc. 29 at ¶ 5.) This was despite Morgan, when she showed up for her plea hearing, testing positive for alcohol and, thus, again violating the terms of her release. (R. Doc. 26.)

On May 25, 2023, post-plea, a third pretrial violation report was filed regarding Morgan. (R. Doc. 34, 35.) This time, Morgan failed to report law enforcement contact to her probation officer. *Id.* Morgan again was admonished, with no further action being taken. *Id.*

On July 20, 2023, the district court issued a warrant for Morgan's arrest after she again violated the terms of her pretrial release. (R. Doc. 39-40.) Morgan was arrested that same day, and a bond revocation hearing was held on July 31, 2023. (R. Doc. 52.)

The facts underlying this violation included Lacava being located by law enforcement at Morgan's residence, at which time Lacava ran from law enforcement out Morgan's back door. (R. Doc. 39, 40; *see generally* Tr.) Law enforcement apprehended Lacava a short time later, at which time they located suspected methamphetamine on his person. (R. Doc. 54; Tr. 8.) Inside Morgan's bedroom, law enforcement located a loaded revolver behind a zippered pocket of a backpack. (Tr. 10-11.) They also located methamphetamine and a bong in Morgan's bedroom. *Id.*

Following the hearing, the United States Magistrate Judge entered an Order revoking Morgan's pretrial supervision. (R. Doc. 53.) Morgan appealed that Order to the District Court, which denied Morgan's appeal. (R. Doc. 59, 67.)

On August 30, 2023, Morgan filed a notice of interlocutory appeal of Judge Rose's order denying Morgan's release pending sentencing. (R. Doc. 68.)

# ARGUMENT

This Court reviews a detention order as follows: the factual findings of the district court are subject to the "clearly erroneous standard" of review, but the district court's ultimate finding that detention is required is subject to "independent review." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Pursuant to 18 U.S.C. § 3148(b)(1)(B) and 3148(b)(2), "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is clear and convincing evidence that the person has violated any other condition of release; and finds that (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release." Pursuant to 18 U.S.C. § 3142(g), the factors to be considered by the court are 1) the nature and circumstances of the crime; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the seriousness of the danger to the community. 18 U.S.C. § 3142(g).

After conviction, the burden and presumption shift: detention becomes mandatory absent clear and convincing evidence that a defendant is not a flight risk or danger to the community.

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3143(a)(1).

> "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).

Here, neither the district court nor the magistrate judge erred in finding that detention was necessary to protect the safety of the community.

Morgan's argument centers almost entirely on the proposition that because she was domestic violence victim whose abuser is now incarcerated, she no longer poses a danger to the community. But this argument fails to take into account several factors considered by the magistrate judge and the district court.

First, Morgan can be both a victim and present a danger to others. Her conduct in this case demonstrates she is. Morgan's association with Lacava, combined with her repeated poor decision-making skills, created

6

Appellate Case: 23-2973     Page: 6     Date Filed: 09/15/2023 Entry ID: 5316930

a danger to not only herself, but also to her three small children. Lacava himself, of course, presented a danger, but Morgan's own choices also did the same, separate from Lacava. She allowed a loaded and unsecured firearm to be kept a zipper pull away from her children. Morgan also allowed methamphetamine to similarly be kept within easy access of her children. Contrary to Morgan's claims in her brief, Morgan knew about Lacava's drugs and guns, including as recently as two days prior to the search warrant. (Tr. at 11-13.) The danger lurking beneath these acts does not start and stop with Lacava—it is rooted in Morgan's own decision-making skills.

Second, Morgan's argument that she did not have the ability to contact authorities to report Lacava's abuse also misses the mark. Domestic violence presents complex dynamics and issues that often leave victims without options for escape. But, as aptly recognized by the magistrate judge in this case, that was not the situation in Morgan's case. Morgan, unlike many victims, had numerous avenues and opportunities to report her abuse. Morgan was being supervised by United States Probation Office. She was appointed counsel on her federal case. Seemingly, Lacava was not at in-person meetings Morgan had with her

7

Appellate Case: 23-2973    Page: 7    Date Filed: 09/15/2023 Entry ID: 5316930

attorney or probation officer, where the abuse could have been reported in person versus a allegedly monitored phone as Morgan alleges in her brief. It would have taken just one call, one text message, one written note, one in-person conversation to trigger the help Morgan (and her children) needed. Instead, since at least March 2023, Morgan chose to keep all of this a secret from her probation officer, effectively ensuring both she and her children would remain in immense danger. Her choices placed three other people in great danger, and cast serious doubt on whether Morgan will abide by conditions in the future.

Finally, Morgan's brief focuses almost entirely on the violation regarding Lacava. But, what her arguments fail to acknowledge—likely because it's bad for her—is this isn't her first violation. And, her previous violations had nothing to do with Lacava. Instead, they have everything to do with Morgan's poor decision-making skills—her decision to use THC, her decision to drink alcohol, and her decision not to report law enforcement contact. All of these are fairly simple conditions to follow. Morgan's failure to do so shows she isn't ready to make good decisions and think about the consequences of her actions, and her behavior shows she continues to present a danger to three very important people when

8

she does this—her small children. She thus, is unlikely to abide by conditions of release in the future.

## CONCLUSION

The detention order of the district court should be affirmed.

Respectfully Submitted,

Richard D. Westphal
United States Attorney

By: */s/ Kristin M. Herrera*
Kristin M. Herrera
Assistant United States Attorney

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Madison Lancaster*
Paralegal Specialist
